UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARY JENNINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 1:15-cv-00698 |
| ) | |
| C&D TECHNOLOGIES, INC. ) | |
| ) | |
| Defendant, ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Mary Jennings ("Jennings" or "Plaintiff"), by counsel Jason R. Ramsland, and brings this action against C&D Technologies, Inc. ("C&D" or "Defendant") for violation of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA") and shows as follows:

## PARTIES

1. Jennings is an individual who resides in Fountain County, Indiana.

2. During the times relevant to this action, Jennings was an employee of Defendant within the meaning of the ADA.

3. During the times relevant to this action, Jennings was a qualified individual with a disability.

4. Defendant is a Delaware corporation doing business in Indiana.

5. During the times relevant to this action, Defendant was Jennings' employer within the meaning of the ADA.

## JURISDICTION AND VENUE

6. This Court properly has jurisdiction to hear this case pursuant to 28 U.S.C. §1331 because Plaintiff asserts claims arising under federal law.

7. This Court is a proper venue for this case pursuant to 28 U.S.C. §1391 because Defendant may be found in this district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## ADA COVERAGE

8. Defendant is engaged in an industry affecting commerce.

9. Defendant employs in excess of fifteen (15) employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

## FACTUAL ALLEGATIONS

10. Jennings worked for Defendant in the "ten pool," which served as a labor pool from which employees would perform a variety of duties to suit Defendant's labor needs.

11. Jennings was injured in a workplace accident on September 14, 2012.

12. Jennings was injured when an operator working on the same machine began running the machine too rapidly, and Plaintiff's right hand was caught between battery layers on the assembly line.

13. Jennings was further injured when she braced herself with her left hand and attempted to remove her right hand from between the battery layers.

14. Plaintiff filed an accident report on September 14, 2012.

15. Defendant declined to file an accident report with the Worker's Compensation Board in response to the workplace accident.

16. Jennings underwent multiple surgeries to attempt to repair the damage to her hands and wrists.

17. Despite Jennings' multiple surgeries, she remains physically impaired.

18. As a result of Jennings' injuries sustained in the workplace accident, Jennings has a physical condition which substantially limits her in a major life activity, and significantly restricts a major bodily function.

19. Specifically, Jennings is substantially limited in the major life activities of lifting and grasping.

20. Jennings attempted to return to work.

21. Defendant maintained a "100% healed" policy whereby an employee could not return to work from an injury until the employee was fully healed.

22. Under Defendant's "100% healed" policy, Jennings was not permitted to return to work.

23. Defendant's "100% healed" policy is discriminatory *per se* under the ADA.

24. Jennings filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about November 19, 2013.

25. On January 30, 2015 the Equal Employment Opportunity commission issued Ms. Jennings' "Right to Sue" letter.

## COUNT I – FAILURE TO ACCOMMODATE

26. Defendant, in violation of the ADA, failed to provide a reasonable accommodation for Plaintiff's disability.

27. Defendant's actions were willful, intentional, and/or undertaken with reckless disregard for Plaintiff's rights.

28. Defendant's unlawful conduct has damaged Plaintiff.

## COUNT II – DISCRIMINATION ON THE BASIS OF DISABILITY

29. Defendant unlawfully discriminated against Plaintiff because of her status as an individual with a disability, or because Defendant regarded her as an individual with a disability.

30. Defendant's actions were willful, intentional, and/or undertaken with reckless disregard for Plaintiff's rights.

31. Defendant's unlawful conduct has damaged Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court find in her favor and provide her with the following relief:

a. An Order awarding Plaintiff her unpaid wages;

b. An Order awarding Plaintiff compensatory damages;

c. An Order reinstating Plaintiff to her position with Defendant;

d. An Order requiring that Defendant make reasonable accommodation for Plaintiff's disability;

e. An Order enjoining Defendant from committing future violations of the ADA;

f. An Order awarding pre- and post-judgment interest at the highest rate allowable by law;

g. An Order awarding Plaintiff her attorney's fees;

h. An Order granting such other and further relief as may be necessary and appropriate.

        s/Jason R. Ramsland_____
        Jason R. Ramsland (#29443-29)
        BALL EGGLESTON, PC
        201 Main Street, Suite 810
        P.O. Box 1535
        Lafayette, Indiana 47902
        765.742.9046 (phone)
        765.742.1966 (fax)
        jramsland@ball-law.com
        Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff Mary Jennings, by counsel, demands trial by jury on all issues so triable.

        s/Jason R. Ramsland_____
        Jason R. Ramsland (#29443-29)
        BALL EGGLESTON, PC
        201 Main Street, Suite 810
        P.O. Box 1535
        Lafayette, Indiana 47902
        765.742.9046 (phone)
        765.742.1966 (fax)
        jramsland@ball-law.com
        Attorney for Plaintiff